■ In the Matter of MARIO ARRASTIA, Petitioner, v. ROBERT O. LOWERY, as Commissioner of the Fire Department of the City of New York, et al., Respondents.— Determination of respondent Fire Commissioner, dated January 6, 1971, unanimously annulled, on the law, without costs and without disbursements. Petitioner, a fireman, was on annual leave leading to terminal leave and retirement for disability when he was arrested on a charge of involvement in possession of cocaine. The charge against him was dismissed in Criminal Court, properly so. The circumstances of the arrest could lead to no other conclusion and, even when viewed outside the frame of the strict requirements

of a criminal prosecution, were not sufficiently substantial to sustain a departmental charge of "conduct tending to bring reproach and reflect discredit on the Department." The arresting officer saw petitioner, accompanied by another, in conversation on the street with a person known to police to have been associated with narcotic violations. Others were nearby, one holding a bag. When police approached, petitioner and his companion got into the front of a vehicle, petitioner as a passenger, and the man holding the bag threw it through the car's rear window onto the back seat. That vehicle drove off, and the others fled, pursued by police. Petitioner's vehicle was also followed and was stopped. Petitioner was arrested, charged with possession of the contents of the bag, found to be contraband. There was no evidence that petitioner knew what the bag contained or even that it was in the car; it should not have been received in evidence. This is a clear case of guilt by association, based on a surmise that petitioner knew the character of the man with whom he had been conversing. The evidence does not support the charge made against petitioner. (See *Matter of Stork Rest.* v. *Boland*, 282 N. Y. 256, 273–274.) Settle order on notice. Concur — McGivern, P. J., Markewich, Nunez, Capozzoli and Lane, JJ.